J. S18037/18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
             v.   :
  :
MATTHEW ONDREAKO,   :        No. 1569 WDA 2017
  :
         Appellant   :

Appeal from the PCRA Order, September 25, 2017,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0003062-2011

BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED MAY 02, 2018

Matthew Ondreako appeals from the September 25, 2017 order entered in the Court of Common Pleas of Erie County that denied his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). PCRA counsel has also filed a petition to withdraw. We affirm.

The record reflects that on May 15, 2012, a jury convicted appellant of aggravated indecent assault of a child, endangering the welfare of children, corruption of minors, and indecent assault.[1] On November 1, 2012, the trial court imposed an aggregate sentence of 8 to 16 years of imprisonment. No post-sentence motions were filed. On March 18, 2013, appellant filed a pro se PCRA petition seeking to have his direct appeal rights reinstated for

---

[1] 18 Pa.C.S.A. §§ 3125(b), 4304(a), 6301(a)(1), and 3126(a)(7), respectively.

trial counsel's failure to file a direct appeal. Counsel was not appointed to represent appellant. On March 21, 2013, the trial court entered an order that reinstated appellant's direct appeal rights and appointed counsel to represent appellant on direct appeal. On December 4, 2013, this court affirmed appellant's judgment of sentence. Commonwealth v. Ondreako, 93 A.3d 501 (Pa.Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our supreme court.

The record further reflects that the trial court deemed correspondence received from appellant, post-marked April 26, 2017[2] and entered on the docket on May 5, 2017, as appellant's first PCRA petition. (Trial court's notice of intent to dismiss PCRA petition pursuant to Pa.R.Crim.P. 907, 8/25/17.) The trial court appointed William J. Hathaway as PCRA counsel. Attorney Hathaway subsequently filed a "no-merit" letter and a petition for leave to withdraw. On August 25, 2017, the trial court filed its notice of intent to dismiss PCRA petition pursuant to Pa.R.Crim.P. 907. On September 25, 2017, the trial court denied Attorney Hathaway's petition for leave to withdraw. On the same day, the trial court entered an order dismissing appellant's PCRA petition.

---

[2] Pursuant to the prisoner mailbox rule, we deem appellant's pro se PCRA petition to have been filed on April 26, 2017. See Commonwealth v. Jones, 700 A.2d 423, 426 (Pa. 1997) (deeming a pro se appellant's appeal to be filed on the date the appellant deposits the appeal with prison authorities and/or places it in the prison mail box and accepting as proof of mailing an appeal any reasonably verifiable evidence).

On October 24, 2017, Attorney Hathaway, on appellant's behalf, filed a notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Attorney Hathaway filed a statement of intent to file a Turner/Finley[3] brief. On January 25, 2018, Attorney Hathaway filed a Turner/Finley no-merit letter in the form of an appellant's brief, wherein he concludes that appellant's PCRA petition is untimely and his claims otherwise lack arguable merit. On January 26, 2017, Attorney Hathaway filed an application to withdraw. Appellant has not filed a response to either the no-merit letter or the application to withdraw. Additionally, the Commonwealth filed a letter with this court declining to file an appellee's brief because it concurs with the positions of the PCRA court and Attorney Hathaway.

Pursuant to Turner/Finley, before withdrawal on collateral appeal is permitted, an independent review of the record by competent counsel is required. Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must then submit a no-merit letter that (1) details the nature and extent of his or her review; (2) lists each issue the petitioner wishes to have reviewed; and (3) explains why the petitioner's issues lack merit. Id. The court then conducts its own independent review of the record to determine

---

[3] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

whether the petition indeed lacks merit. Id. Counsel must also send petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007) (citation omitted).

Our review of the record demonstrates that Attorney Hathaway has substantially complied with each of the above requirements. Additionally, Attorney Hathaway sent appellant copies of the Turner/Finley no-merit letter and his application to withdraw and advised appellant of his right to retain new counsel or proceed pro se. See Commonwealth v. Widgins, 29 A.3d 816, 818 (Pa.Super. 2011).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. Commonwealth v. Cruz, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. Commonwealth v. Callahan, 101 A.3d 118,

120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); see also Commonwealth v. Wharton, 886 A.2d 1120 (Pa. 2005).

Here, this court affirmed appellant's judgment of sentence on December 4, 2013. The record further reflects that appellant did not seek discretionary review of this court's decision by our supreme court. Consequently, appellant's judgment of sentence became final on January 3, 2014, at the expiration of time for seeking discretionary review by our supreme court. See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; Commonwealth v. Cintora, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed April 26, 2017, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has newly-discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); Commonwealth v. Brandon, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a

valid exception to the PCRA time-bar, this court may not review the petition. See 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant complains that the Commonwealth had offered him a "deal" that he wanted to take but that his "attorney has pointed me not to take it." (Appellant's pro se PCRA petition, 4/26/17 at unnumbered page 1.) Appellant contends that "[i]f he took that deal[, he] would of [sic] only got a sentence of 4-8 years." (Id.)

Having conducted an independent review of the record, we are satisfied that appellant has failed to invoke a valid exception to the time-bar, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal. We, therefore, grant Attorney Hathaway's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/2/2018